**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAUL NAZARIO,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, ATTORNEY GENERAL, et al.<br><br>Defendant. | CIVIL ACTION NO. 3:22-cv-01366<br><br>(SAPORITO, J.) |

**MEMORANDUM**

This is an action by the plaintiff, Raul Nazario, against the defendant, Todd Blanche in his official capacity as attorney general, related to violations of the Rehabilitation Act that occurred in the Federal Correctional Institution in Schuylkill.[1] Now, before the Court is Nazario's motion *in limine* to preclude the documentary evidence listed as Defendant's Trial Exhibits Nos. 10-13. Doc. 68; Doc. 66-1. Nazario has filed a supporting brief, and the defendant has timely filed a brief in opposition. Doc. 70; Doc. 71. We conducted oral argument on November 2, 2026. The motion is now ripe for review.

---

[1] Attorney General Tod Blanche is substituted in this action for former Attorney General Pamela Bondi (who previously substituted for former Attorney General Merrick Garland).

## I. Statement of Facts

As we write only for the parties, the Court shall only briefly address the facts pertinent to the underlying motion.[2] In June 2019, Nazario was employed by the Federal Correctional Institution in Schuylkill, Pennsylvania (FCI Schuylkill) as a Recreational Specialist. On January 26, 2020, Nazario woke up to pain in his knee and was unable to move it. After going into work on that date, Nazario decided to leave work to go see a doctor. The medical record Nazario gave his supervisor included a diagnosis of "primary localized osteoarthritis of right knee." The initial medical report recommended that Nazario could return to modified duty on February 3, 2020, not allowing for any running, squatting, restraints, or kneeling.[3] On February 4, 2020, Nazario texted his supervisor that he got a call from his doctor saying that he can return to work on regular duty. On February 7, 2020, Nazario was required to be searched before entering the prison and was provided with a memorandum placing him on administrative leave until his new reporting date of February 10,

[2] The facts are taken from the stipulation of facts in both parties' pretrial memoranda. Doc. 66; Doc. 72.

[3] The subsequent medical report two days later removed all the restrictions except for running.

2020. Additionally, starting on February 10, 2020, Nazario was transferred to a position in the FCI Administration building. On February 12, 2020, he was informed by the warden that he was under investigation for misconduct which he later learned was for allegedly bringing contraband into the institution. Nazario now sues the defendant and brings these claims under the Rehabilitation Act: (1) failure to provide reasonable accommodations; (2) disparate treatment; and (3) retaliation concerning the plaintiff's request for reasonable accommodations.[4]

The current action concerns four pieces of evidence: (1) Nazario OIG Transcript 1; (2) OIG January 2020 Investigation Redacted; (3) Hospital Escort January 21, 2020; and (4) Predicating Information Redacted. Doc. 70, at 1. Nazario has moved to exclude these pieces of evidence under rules 26 and 37 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26, 37.

[4] The plaintiff asserted other claims against the defendant, but after the pleading stage these are the only claims at issue. Doc. 25; Doc. 53.

## II. LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F. 2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions *in limine* often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence,

should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) (Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Moreover, "pretrial Rule 403 exclusions should rarely be granted.... [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectional evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F. 2d 829, 859 (3d Cir. 1990) (emphasis in original). It is important to note that "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of the trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III. DISCUSSION

Here, Nazario attempts to preclude the four documents listed under defense trial exhibits Nos. 10-13, on the basis that these documents were not produced until October 24, 2026, and therefore were not properly

disclosed with respect to Rule 26. Fed. R. Civ. P. 26(a); Doc. 70, at 1-2. Moreover, Nazario contends that given the violation of Rule 26, there is also no substantial justification or harmlessness to allow the evidence to be presented during trial pursuant to Rule 37. Fed. R. Civ. P. 37; *Id.* at 2.

Rule 26(a)(1)(ii) provides that:

> a party must, without awaiting a discovery request, provide to the other parties: (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(ii).

Rule 26(e) further states that:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court. Fed. R. Civ. P. 26(e).

In the present case, the four documents at issue were provided after the close of discovery. Doc. 33. Additionally, the documents provide a self-executing duty for the defendant to disclose them with or without a

discovery request. *See* Doc. 7, at 6 (defendant admitting that the documents are important to assert a defense that the OIG investigation began before Nazario's request for accommodation). However, at the time of discovery, the defendant represents that they did not have possession, control, or custody of those documents. *See Id.* at 3. The defendant further represents that they did not become aware of the existence of the documents until starting to prepare the pretrial materials for this Court, and they were not given access to the documents until October 20, 2026. *Id.* at 2-3. The defendant then subsequently provided plaintiff's counsel with the documents over email on October 24, 2026. *Id.* We find that these representations from the defendant are enough to find no violation of Rule 26. Pursuant to Rule 26(e), the defendant disclosed the documents to the plaintiff within four days of having them in their control/custody. Fed. R. Civ. P. 26(e)(1)(A). We find that a delay of four days is not enough to make this supplement to their initial disclosures untimely.[5] *See Jones*

---

[5] We also note that at the time of discovery, the defendant did not intend to admit or use the exhibits at issue because they had no knowledge of them. *See Strayer v. Bare*, No. 1:06-CV-2068, 2012 WL 2504902, at * 4 (M.D. Pa. June 28, 2012) (quoting *Ruddell v. Weakley County Sheriff's Dep't.*, 1:07-CV-001159-JDB, 2009 WL 7355081, at *1 (W.D.Tenn. May 22, 2009)).

*v. Debonaventura,* No. CV 22-1064-GBW, 2026 WL 83941, at *4 (D. Del. Jan. 12, 2026) (holding that a three-day delay was not untimely and the only untimely case the defendant could point to was 17 days).

Even if the Court was to find that there was a violation of Rule 26, it would still deny the plaintiff's motion. Rule 37(c)(1) provides that, "[i]f a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed use that information…to supply evidence on a motion, at a hearing, or at a [*trial*], unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When considering if the failure to disclose was justified or harmless, courts apply a four factor test: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) the bad faith or willfulness in failing to comply with the court order or discovery obligation. *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977).

The plaintiff claims that he will be prejudiced and will be hamstrung in his ability to establish that the defendant's reason for

reassignment was pretext. Doc. 70, at 4. We find this to be unconvincing. Although some of the documents have been redacted to protect the inmate's name and law enforcement techniques, the defendant is using the documents to show that the OIG investigation began before Nazario's request for accommodation. Doc. 71, at 6. The redacted information does not prejudice the plaintiff's ability to rebut this point. Additionally, the plaintiff does not identify how this disclosure impacted his trial preparation. The plaintiff mentioned the OIG investigation explicitly in his complaint which shows that he has been aware of it throughout the duration of the case. Doc. 1, at 20. We also find no bad faith in complying with discovery obligations as the defendant only recently became aware of their existence upon possession of the relevant documents. Doc. 71, at 3. As a final consideration, we note that "[t]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). The documents at issue go directly to the defendant's defense that there was a legitimate reason for reassignment of the plaintiff. Doc. 71, at 6. Given the important nature of this evidence

and lack of intentional deception in disclosure obligations, we decline to exclude it.

## IV. CONCLUSION

For the foregoing reasons, we will deny Nazario's motion to exclude the following pieces of documentary evidence: (1) Nazario OIG Transcript 1; (2) OIG January 2020 Investigation Redacted; (3) Hospital Escort January 21, 2020; and (4) Predicating Information Redacted.

An appropriate order follows.

Dated: November 9, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge